1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10    CHARLES BLEDSOE,

11              Petitioner,              No. 2:11-cv-1590 MCE JFM (HC)

12         vs.

13    M. MARTEL, Warden,

14              Respondent.              <u>ORDER</u>

15    _____/

16         Petitioner is a state prisoner proceeding pro se with an application for a writ of

17    habeas corpus pursuant to 28 U.S.C. § 2254.

18         Petitioner challenges his 2009 conviction on six counts of second degree murder,

19    six counts of gross vehicular manslaughter while intoxicated, and felony hit and run resulting in

20    death, and the sentence of sixty-four years to life in prison imposed following the conviction.

21    This action is proceeding on petitioner's original petition, filed June 13, 2011.  Petitioner raises

22    five claims in his petition.  In the answer, filed February 22, 2012,  respondent contends, <u>inter</u>

23    <u>alia</u>, that some of petitioner's claims are unexhausted.

24         The exhaustion of state court remedies is a prerequisite to the granting of a

25    petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

26

                                    1

be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

After reviewing the record in this action, the court finds that petitioner has failed to exhaust state court remedies for his claims that his rights to due process and equal protection were violated by denial of his motion for change of venue, and that his sentence is cruel and unusual, raised in the petition as Grounds Four, and Five, respectively.  Accordingly, the petition is a mixed petition containing both exhausted and unexhausted claims.  The court cannot proceed on the petition at this time.  See Jefferson, 419 F.3d at 1015.  Good cause appearing, petitioner will be granted thirty days to file, as appropriate, a motion for stay and abeyance pending exhaustion of state court remedies as to any unexhausted claims pursuant to Rhines v. Weber, 544 U.S. 269 (2005) or King v. Ryan, 564 F.3d 1133 (9th Cir.), cert. denied, _ U.S. _, 130 S.Ct. 214 (2009). In the alternative petitioner may, within the same thirty day period, file an amended petition raising only exhausted claims.[2]

---

[1]      A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).   Here, respondent has neither waived exhaustion nor argued that the unexhausted claims should be denied on the merits.  Respondent contends that the claims should either be "rejected without prejudice for lack of exhaustion . . . or with prejudice" because failure to present the claims timely to the California Supreme Court constitutes a procedural default of all three claims.  See Answer filed September 8, 2011, at 10.  It is error for this court to dismiss these claims without first giving petitioner the choice of returning to state court to exhaust those claims or abandoning them.  See Jefferson v. Budge, 419 F.3d 1013, 1015 (9th Cir. 2005).

[2]      Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court.  See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.
        Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is

1           Accordingly, IT IS HEREBY ORDERED that petitioner is granted thirty days

2    from the date of this order in which to file either an appropriate motion to stay these proceedings

3    pending exhaustion of state court remedies as to any unexhausted claims or an amended petition

4    raising only exhausted claims.

5    DATED: April 18, 2012.

6

7    UNITED STATES MAGISTRATE JUDGE

8

9    12
10   bled1590.o

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   pending.  28 U.S.C. § 2244(d).